

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00104-CV

IN RE THOMAS CLARK, RELATOR

ORIGINAL PROCEEDING

April 1, 2013

## ON PETITION FOR WRIT OF MANDAMUS

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before the court is Thomas Clark's (relator) petition for writ of mandamus wherein he requests that we "order respondent [Judge McClendon, 137th District Court of Lubbock County] to appoint him counsel." We deny the application.

Relator has not filed a record or an appendix with his petition. In an original mandamus proceeding, the petition must be accompanied by a certified or sworn copy of every document that is material to a relator's claim for relief and that was filed in any underlying proceeding. See TEX. R. APP. P. 52.7(a)(1). A relator's burden on mandamus includes meeting the requirement that "[e]very statement of fact in the petition [is] supported by citation to competent evidence included in the appendix or

record." TEX. R. APP. P. 52.3(g). In short, a relator must supply a record sufficient to establish the right to mandamus relief, *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex. 1992), and that has not been done here.

Nor has relator showed that he requested the trial court to appoint him counsel. This is of import since mandamus issues only upon the showing that the trial court abused its discretion. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135-36 (Tex. 2004). If the trial court was not asked to undertake an act, it can hardly be accused of abusing its discretion by failing to act or acting in a particular manner.

Accordingly, we deny the application for a writ of mandamus.


Per Curiam